

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00110-CV

GEORGE "GEOF" MULFORD, Appellant

V.

1ST SERVICE SOLUTIONS, ANN HAMBLY, AND STEVE BANEGAS, Appellees

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-347815-23

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

George "Geof" Mulford was the Senior Vice President of Sales for 1st Service Solutions (FSS) until his employment was terminated in May 2023. Alleging that FSS breached its commission contract by refusing to pay his earned commissions since 2020, Mulford sued FSS, its chief operating officer, Steve Banegas, and its registered agent, Ann Hambly (collectively, Appellees), for breach of contract and money had and received. On the day of the bench trial, the trial court excluded Mulford's evidence because he never filed initial disclosures and did not timely file pretrial disclosures, which contained documents not produced during discovery. As a result, the trial court entered a final judgment against Mulford.

On appeal, Mulford argues that the trial court erred by excluding evidence and by failing to grant a motion for continuance, among other things.[1] We find no abuse of discretion in the trial court's evidentiary rulings and conclude that Mulford has waived his complaint regarding the continuance. As a result, we affirm the trial court's judgment.

## I.     The Trial Court Did Not Abuse its Discretion by Excluding Mulford's Evidence

In this case, we explore the consequences that may follow when a party with the burden of proof at trial fails to file mandatory disclosures, comply with local rules, or produce documents relied on at trial.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

## A.    Standard of Review

This case involves the application of Rule 193.6 of the Texas Rules of Civil Procedure, which states the following:

> **(a)    Exclusion of evidence and exceptions**.  A party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:
>
> > **(1)**    there was good cause for the failure to timely make, amend, or supplement the discovery response; or
> >
> > **(2)**    the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.
>
> **(b)    Burden of establishing exception**.  The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness.  A finding of good cause or of the lack of unfair surprise or unfair prejudice must be supported by the record.

TEX. R. CIV. P. 193.6.

We review the trial court's decision to exclude evidence under Rule 193.6 for an abuse of discretion. *Randolph v. 7700 John Carpenter, LLC*, No. 05-23-01178-CV, 2025 WL 3193775, at *4 (Tex. App.—Dallas Nov. 14, 2025, no pet.) (mem. op.); *F 1 Constr., Inc. v. Banz*, No. 05-19-00717-CV, 2021 WL 194109, at *3 (Tex. App.—Dallas Jan. 20, 2021, no pet.) (mem. op.) (citing *VSDH Vaquero Venture, LTD. v. Gross*, No. 05-19-00217-CV, 2020 WL 3248481, at *4 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.)).  "The general test for abuse of discretion is whether the trial court acted without regard to any guiding rules or principles." *F 1 Constr., Inc.*, 2021 WL 194109, at *3 (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex.

2004)). "This occurs when either (1) the trial court fails to analyze or apply the law correctly, or (2) with regard to factual issues or matters committed to its discretion, the trial court could reasonably only reach one decision and failed to do so." *Id.* (citing *Jaster-Quintanilla & Assocs., Inc. v. Prouty*, 549 S.W.3d 183, 188 (Tex. App.—Austin 2018, no pet)).

We further note that the Dallas Court of Appeals has expressly stated that "Rule 193.6 sanctions are not reviewed under the standards applicable to death-penalty sanctions." *Bills v. Mills*, No. 05-23-00413-CV, 2024 WL 3897462, at *5 (Tex. App.—Dallas Aug. 22, 2024, no pet.) (mem. op.) (citing *F 1 Constr., Inc.*, 2021 WL 194109, at *2). This is because while "[s]anctions for discovery abuse under Rule 215 [of the Texas Rules of Civil Procedure] are discretionary," "[t]he Rule 193.6 penalty . . . is mandatory." *F 1 Constr., Inc.*, 2021 WL 194109, at *2 (citing TEX. R. CIV. P. 193.6, 215; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding); *Cornejo v. Jones*, No. 05-12-01256-CV, 2014 WL 316607, at *3, (Tex. App.—Dallas Jan. 29, 2014, no pet.) (mem. op.) ("stating that per Rule 193.6 [of the Texas Rules of Civil Procedure], the trial court possesses no discretion and must exclude evidence not timely provided, amended, or supplemented in response")).

### B.     Factual and Procedural Background

Mulford's pleadings show that he received a $50,000.00 base salary from FSS, in addition to commissions. In his unverified petition, Mulford alleged that he was owed $808,000.00 in unpaid commissions. The alleged Commission Contract attached to Mulford's petition appeared to be signed by both Mulford and Banegas in 2019 and states, "Your Commissions/Flat Fee for any and all deals brought into the pipeline and those funds have been

4

received from the client is $3000 per deal" and that Mulford would receive $3,000.00 for assumptions, loan restructures, portfolios, and "[o]ther loan resolutions (e.g.; consultation, borrower request, & similar)." (Emphasis removed). The petition also states, "Discovery [wa]s intended to be conducted under Level 2 of [Texas Rules of Civil Procedure] 190."

In their verified answers, Appellees denied that Mulford was owed any money. Hambly and Banegas also argued that they could not be sued in their individual capacities.

The appellate record shows that the trial court had previously set the matter for trial on November 11, 2024, and February 17, 2025. Yet, on February 13, 2025, the trial court entered a third trial setting for a bench trial on June 30, 2025.

It is undisputed that Mulford never provided Appellees with initial disclosures. Even so, on June 9, 2025, which was less than thirty days before trial, Mulford filed his proffered exhibit and witness lists. On June 23, Mulford filed another proffered exhibit list that added eleven additional exhibits.

Appellees moved to strike Mulford's proffered exhibits and witnesses because they were neither produced during discovery nor timely disclosed. In fact, the motion to strike notified the trial court that Mulford "served nearly 180 pages of previously undisclosed documents on [Appellees]" on June 26, which was "**less than three business days before the scheduled trial**." Appellees raised additional evidentiary objections to Mulford's proposed exhibits.

The trial court reset the bench trial for July 1. On that day, Mulford filed his response to the motion to strike, which simply stated that "neither party provided the other any state

5

disclosures" and that Appellees suffered no unfair surprise or prejudice. Mulford's response did not address whether he had good cause for failing to comply with discovery deadlines.

On the day of the bench trial, the trial court heard Appellees' motion to strike first. Appellees argued that they had not seen the additional documents produced by Mulford on June 26 and that they were prejudiced by them since Appellees did not have the opportunity to question anyone about the documents. Appellees also argued that Mulford never provided any initial disclosures. In response, Mulford argued that "[t]he strike rule [did] not include party witnesses." Even so, the trial court noted that Mulford failed to comply with mandatory disclosures under Rule 194.2 of the Texas Rules of Civil Procedure. Because Mulford admitted, "there's no[] good cause," the trial court found that "there [was] no good cause shown." The trial court granted the motion to strike Mulford's exhibits, noted that Mulford would "not be able to offer the exhibits into evidence[,] . . . [would] not be able to carry [his] burden of proof," and entered judgment against him.

### C.  Relevant Rules

"[A] party must, without awaiting a discovery request, provide to the other parties the information or material described in Rule[s] 194.2 . . . and 194.4," which set forth the rules regarding initial and pretrial disclosures. TEX. R. CIV. P. 194.1(a). Rule 194.2(b) sets forth required mandatory disclosures of information, including, in relevant part, the following:

(1)    the correct names of the parties to the lawsuit;

(2)    the name, address, and telephone number of any potential parties;

6

(3)     the legal theories and, in general, the factual bases of the responding party's claims or defenses (the responding party need not marshal all evidence that may be offered at trial);

(4)     the amount and any method of calculating economic damages;

(5)     the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(6)     a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment;

. . . [and]

(9) any witness statements described in Rule 192.3(h)[.]

TEX. R. CIV. P. 194.2(b).  Rule 194.4(a) of the Texas Rules of Civil Procedure, the rule for pretrial disclosures, states that "[i]n addition to the disclosures required by Rule 194.2,"

a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

(1)     the name and, if not previously provided, the address, and telephone number of each witness-separately identifying those the party expects to present and those it may call if the need arises; and

(2)     a list identifying each document or other exhibits, including summaries of other evidence-separately identifying those items the party expects to offer and those it may offer if the need arises.

TEX. R. CIV. P. 194.4(a).  Also, a party has a duty to amend or supplement discovery.  TEX. R. CIV. P. 193.5(a).  "[I]t is presumed that an amended or supplemental response made less than [thirty] days before trial was not made reasonable promptly."  TEX. R. CIV. P. 193.5(b).

7

Mulford's petition shows that discovery was to be conducted under Level 2.  *See* TEX. R. CIV. P. 190.3.  As applied to this case, Level 2 discovery meant that discovery continued until "[thirty] days before the date set for trial."  TEX. R. CIV. P. 190.3(b)(1)(A)(i); *see* TEX. R. CIV. P. 194.4(b) (providing that pretrial disclosures "must be made at least [thirty] days before trial" unless otherwise ordered by the trial court).  Under the Tarrant County Local Rules, initial and pretrial disclosures must "be served upon all other lead counsel or parties . . . in accordance with the Texas Rules of Civil Procedure."  TARRANT CNTY. (TEX.) LOC. R. 1.07(a).

**D.     Analysis**

"Under Rule 193.6, discovery that is not timely disclosed and witnesses that are not timely identified are inadmissible as evidence."  *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (per curiam) (citing TEX. R. CIV. P. 193.6(a)).[2] "The [R]ule is mandatory, and the penalty—exclusion of evidence—is automatic, absent a showing of:  (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice."  *In re Staff Care, Inc.*, 422 S.W.3d 876, 882 (Tex. App.—Dallas 2014, orig. proceeding) (quoting *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex. App.—Dallas 2006, no pet.)).[3]  For this

---

[2]Mulford argues that Appellees did not provide initial disclosures, but they were not the party with the burden of proof at trial.

[3]Mulford complains that the trial court

> ruled based on the [thirty-three]-year old case of *Alvarado v. Farah Manufacturing Company*, [830 S.W.2d 911 (Tex. 1992),] which was based on the prior [Texas] Rule of Civil Procedure 215(5), which unlike current Rule 193.6(a)(1–2) did not have the ability for a party to show lack of unfair surprise or lack of unfair prejudice.

In *Alvarado*, the Texas Supreme Court discussed former Rule 215(5), which required the party seeking to admit the evidence to show either good cause, whereas Rule 193.6 allows the party to show either good cause or lack of unfair surprise or prejudice.  *See id.* at 913–14; *see also* TEX. R. CIV. P. 193.6.  That said, *Alvarado*'s holding with respect

reason, the party seeking to admit improperly disclosed evidence "has the burden of establishing good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence." *Gillenwater*, 285 S.W.3d at 881 (citing TEX. R. CIV. P. 193.6(b)).

Here, the record shows that Mulford admitted there was no good cause for his failure to complete initial disclosures and for his untimely pretrial disclosures.[4] Thus, we focus on the issue of unfair surprise or prejudice.[5]

"When determining whether a party established an absence of unfair surprise or prejudice, 'we are guided by the purposes of rule 193.6.'" *Randolph*, 2025 WL 3193775, at *4 (quoting *SJF Forest Lane, LLC v. Phan*, No. 05-22-00905-CV, 2024 WL 2796279, at *10 (Tex. App.—Dallas May 31, 2024, no pet.) (mem. op.)). "The purposes of Rule 193.6 are threefold: (i) to promote responsible assessment of settlement, (ii) to prevent trial by ambush, and (iii) to give the other party the opportunity to prepare rebuttal to expert [and lay] testimony." *F 1 Constr., Inc.*, 2021 WL 194109, at *3 (citing *In re D.W.G.K.*, 558 S.W.3d 671, 680 (Tex. App.—Texarkana 2018, pet. denied)).

> Accordingly, in order to establish the absence of unfair surprise or prejudice, the party seeking to call an untimely disclosed witness or introduce untimely disclosed evidence must establish that the other party had enough evidence to reasonably assess settlement, to avoid trial by ambush, and to prepare rebuttal to expert testimony.

---

to what constitutes good cause has not been overruled, and we apply the current caselaw involving Rule 193.6 to the facts of this case.

[4]Moreover, "[i]nadvertence, lack of surprise, or the uniqueness of the offered evidence . . . do not constitute good cause." *F 1 Constr., Inc.*, 2021 WL 194109, at *2 (citing *PopCap Games, Inc. v. MumboJumbo, LLC*, 350 S.W.3d 699, 718 (Tex. App.—Dallas 2011, pet. denied)).

[5]While the trial court made an express finding of lack of good cause, we also imply a finding of unfair surprise or prejudice in light of the trial court's decision. *See Goldman v. Olmstead*, 414 S.W.3d 346, 365 (Tex. App.—Dallas 2013, pet. denied).

*Id.* (citing *D.W.G.K.*, 558 S.W.3d at 680).  Also, Rule 193.6 "protect[s] a party from surprise concerning the existence of undisclosed evidence—not issues."  *El-Rayes v. Lee*, No. 05-19-00881-CV, 2020 WL 7767939, at \*3 (Tex. App.—Dallas Dec. 30, 2020, no pet.) (mem. op.) (emphasis omitted) (quoting *Lopez*, 200 S.W.3d at 862).  "The rule applies when the existence of evidence was not disclosed in a timely manner, whether or not such evidence related to an issue both parties knew existed in the case."  *Id.* (emphasis omitted) (quoting *Lopez*, 200 S.W.3d at 862).

Mulford's argument that Appellees would not suffer unfair surprise or prejudice "must be supported by the record."  *See* TEX. R. CIV. P. 193.6(b).  Here, Appellees argued that Mulford failed to make initial disclosures and waited until after the deadline for discovery passed to make pretrial disclosures.  Appellees argued they were unfairly prejudiced because they had no opportunity to adequately prepare for trial.  The late-filed pretrial disclosures also included previously undisclosed documents that Appellees received just three days before trial.  Appellees informed the trial court that they did not have the opportunity to question any witness about the new documents.

In response, Mulford argued that Appellees could not be unfairly surprised by the documents that were attached to his petition, but that argument does not consider the proper test for unfair surprise or prejudice because Mulford failed to address whether the Appellees had enough evidence to reasonably assess settlement, avoid trial by ambush, or prepare rebuttal to expert testimony.  *See In re D.W.G.K.*, 558 S.W.3d at 680. Moreover, the documents attached to the petition were a copy of the Commission Contract, a letter written by Mulford, which

10

Appellees objected to on hearsay grounds, and Mulford's created analysis of the commissions owed to him, which Appellees also alleged contained hearsay within hearsay. The only unobjected-to exhibit was the Commission Contract itself, and it was reasonable for Appellees to expect its admission at trial. Still, it did not establish the elements required to prove a breach of contract claim and failed to show the amount and method used to calculate damages.

Where, as here, a party with the burden under Rule 193.6 fails to offer evidence to show "that the other party had enough evidence to assess settlement reasonably, to avoid trial by ambush, and to prepare rebuttal to expert testimony," a trial court does not abuse its discretion by excluding the evidence. *Edukid, LP v. City of Plano*, No. 05-23-00269-CV, 2024 WL 5244613, at *8 (Tex. App.—Dallas Dec. 30, 2024, pet. denied) (mem. op.) (quoting *SJF Forest Lane, LLC*, 2024 WL 2796279, at *10); *see F 1 Constr., Inc.*, 2021 WL 194109, at *3. Here, the record shows that Appellees would suffer what Rule 193.6 was designed to protect—trial by ambush.

Even so, Mulford argues that the trial court erred by excluding his testimony under Rule 193.6 because "named parties can testify at trial even if they do not list themselves as a fact witness in response to requests for disclosure." *Cornejo*, 2014 WL 316607, at *2 (excluding named party's testimony for failing to respond to interrogatories). However, the testimony of named parties can still be excluded under Rule 193.6(a) for other discovery abuses. *Id.* (citing *Jackson v. Maul,* No. 04-02-00873-CV, 2003 WL 22295332, at *1–2 (Tex. App.—San Antonio Oct.8, 2003, no pet.) (mem.op.) ("holding trial court did not abuse its discretion when it precluded plaintiff from presenting evidence of negligence because she failed to state her legal theories and factual basis for her claim in response to requests for disclosure")).

11

Appellees' motion to strike was not limited to Rule 193.6. Under Rules 194.2 and 194.4, Mulford was required to disclose the legal theories and factual bases of his claims, all documents in his possession that could be used to support his claims, and the amount and method of calculating damages, among other things. *See* TEX. R. CIV. P. 194.2, 194.4; *Osowsky v. Nw. Indep. Sch. Dist.*, No. 02-24-00387-CV, 2025 WL 1271929, at *2 (Tex. App.—Fort Worth May 1, 2025, no pet.) (mem. op.) (excluding party affidavit for failing to comply with Rule 194.2). Mulford was also required to comply with the Tarrant County Local Rules. Because he did not do so, the trial court correctly determined that Mulford "[would] not be able to carry [his] burden of proof in the absence of those disclosures in the areas that ha[d] been referenced."

We conclude that the trial court did not abuse its discretion by concluding that Mulford failed to meet his burden to show good cause or lack of unfair surprise or prejudice.[6]

## II. Mulford Waived His Complaints About a Continuance

Under Rule 193.6(c), the trial court had discretion to grant Mulford a continuance. TEX. R. CIV. P. 193.6(c). In his next point, Mulford argues that the trial court erred by failing to grant a continuance.

"A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit." *In re N.E.*, No. 05-15-00361-CV & 05-15-

---

[6]Even had we found error, we would next turn to the issue of harm under Rule 44.1(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.1(a); *Accelerated Inventory Mgmt., LLC v. McElroy*, No. 05-23-00017-CV, 2024 WL 2952552, at *2 (Tex. App.—Dallas June 12, 2024, no pet.) (mem. op.). Mulford argues that he was harmed by the error because there was enough evidence for him to win. He cites to a demand letter, which drew a hearsay objection, in support of his claim. Because Mulford made no offer of proof of the substance of his testimony, whether there was sufficient evidence for Mulford to win would require speculation, and therefore, we could not conclude that any error caused the rendition of an improper judgment. *See McElroy*, 2024 WL 2952552, at *2–3; *PopCap Games, Inc.*, 350 S.W.3d at 719; *see also McGann v. Lilly*, No. 05-22-00455-CV, 2023 WL 5198790, at *4 (Tex. App.—Dallas Aug. 14, 2023, no pet.) (mem. op.).

00363-CV, 2015 WL 5244334, at *15 (Tex. App.—Dallas Sept. 8, 2015, pets. denied) (mem. op.) (citing TEX. R. CIV. P. 251; *In re A.A.*, No. 05-07-01698-CV, 2008 WL 2514346, at *2 (Tex. App.—Dallas June 25, 2008, no pet.) (mem.op.)).  Also, under the Tarrant County Local Rules, unless otherwise approved by the trial court, "any motion for continuance will be filed no later than the Wednesday preceding the trial date and will be heard by the Court in the courtroom at 2:00 p.m. on the Thursday preceding the trial date."  TARRANT CNTY. (TEX.) LOC. R. 3.02.

At the beginning of trial, Mulford noted that he had not filed a motion to continue the case but orally sought one if the trial court was "prone to grant the" motion to strike.  The trial court denied the "conditional motion," because it failed to comply with local rules.  Even so, after the parties argued and the trial court ruled against Mulford on the issues of good cause and unfair surprise or prejudice, the trial court stated,

> [W]ell, there's been no written motion to continue filed, the plaintiff did make kind of a conditional motion indicating that if I ruled a certain way, that y'all would be making a motion for continuance.
>
> So I'll let the plaintiff complete your record on that, if you want to put anything else on the record with respect to that.

Mulford instead said, "We can finish this trial today" and "respectfully beg[ged] of the [trial] Court to allow th[e] trial to proceed" with the only evidence consisting of his testimony and the Commission Contract attached to his petition.

Now, on appeal, Mulford argues that the trial court erred by denying his motion for a continuance.  "[A] motion for continuance that does not comply with Texas Rule of Civil Procedure 251 does not preserve error for appeal."  *Powell v. Grimes*, No. 01-23-00129-CV, 2025 WL 626428, at *9 (Tex. App.—Houston [1st Dist.] Feb. 27, 2025, no pet.) (citing *Louison*

13

*v. Caddette*, No. 01-22-00034-CV, 2024 WL 5249158, at \*10 (Tex. App.—Houston [1st Dist.] Dec. 31, 2024, pet. denied) (mem. op.)). Because Mulford's "motion for continuance was not in writing and did not comply with Rule 251," his "oral request for a continuance did not preserve error." *Id.*; *see Brickley v. Joseph-Stephen*, No. 03-22-00574-CV, 2023 WL 2316346, at \*4 (Tex. App.—Austin Mar. 2, 2023, pet. denied) (mem. op.).

As a result, we overrule Mulford's second point of error.[7]

## III. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice

Date Submitted: April 17, 2026
Date Decided: July 15, 2026

---

[7]Because our rulings herein are dispositive of the appeal, we need not address Mulford's remaining points of error.

14